**FILED SUMMONS ISSUED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 31 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------ X

ERIC SUTTON and MARK SUTTON,

                      Plaintiffs,  **COMPLAINT**

      -against-

THE CITY OF NEW YORK; SERGEANT DOMINICK
MARANZANO; DETECTIVE ROGELIO A. JAMES,  ECF Case
SHIELD # 2660; DETECTIVE MULLADV;
DETECTIVE KLUBNICK; DETECTIVE PETITO;  Jury Trial Demanded
DETECTIVE CODY; DETECTIVE SERRANO;
DETECTIVE PIZZARO; DETECTIVE PHILLIPS;
DETECTIVE ARROYO; DET SOUSA; and P.O.
JOHN/JANE DOES # 1-4; the individual
defendant(s) sued individually and in
their official capacities,

CV 12-0453

                      Defendants.

**WEINSTEIN, J.**

------------------------------------ X

**GOLD, M.J.**

**PRELIMINARY STATEMENT**

    1.   This is a civil rights action in which plaintiffs seek relief for the violation of plaintiffs' rights secured by 42 U.S.C. §§ 1983 and 1985(3); and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Plaintiffs' claims arise from incidents that arose on or about September 3, 2009. During the incidents, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiffs to, among other things, false arrest, excessive force, conspiracy, retaliation, fabricated evidence, denial of a fair trial, and implementation

and continuation of an unlawful municipal policy, practice, and custom. Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

### JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

### PARTIES

5. Plaintiff Eric Sutton is a resident of the State of New York, Kings County.

6. Plaintiff Mark Sutton is a resident of the State of New York, Kings County.

7. At all times herein alleged, defendant City of New York was a municipal corporation organized under the laws of

the State of New York, which violated plaintiffs' rights as described herein.

8. At all times herein alleged, defendant Sergeant Dominick Maranzano was a New York City Police Officer, assigned Shield No. 2660, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

9. At all times herein alleged, defendant Detective Rogelio A. James was a New York City Police Officer, assigned Shield No. 2660, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

10. At all times herein alleged, defendant Detective Mulladv was a New York City Police Officer, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

11. At all times herein alleged, defendant Detective Klubnick was a New York City Police Officer, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York,

or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

12.  At all times herein alleged, defendant Detective Petito was a New York City Police Officer, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

13.  At all times herein alleged, defendant Detective Cody was a New York City Police Officer, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

14.  At all times herein alleged, defendant Detective Serrano was a New York City Police Officer, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

15.  At all times herein alleged, defendant Detective Phillips was a New York City Police Officer, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

4

16. At all times herein alleged, defendant Detective Pizzaro was a New York City Police Officer, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

17. At all times herein alleged, defendant Detective Arroyo was a New York City Police Officer, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

18. At all times herein alleged, defendant Detective Sousa was a New York City Police Officer, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York, or other as yet unknown NYPD assignment who violated rights as described herein.

19. At all times herein alleged, defendant P.O. John/Jane Does #1-4 were New York City Police Officers, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

20. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

21.   On September 3, 2009, inside of 541 Kingsborough 5 Walk, Brooklyn, New York, and the 77th Precinct, several police officers operating from the Brooklyn North Narcotics Bureau, located in Brooklyn, New York, including upon information and belief, defendants Sgt. Maranzano, Det. James, Det. Mulladv, Det. Klubnick, Det. Petito, Det. Cody, Det. Serrano, Det. Phillips, Det. Pizzaro, Det. Arroyo, Det. Sousa, and P.O. John/Jane Does #1-4, at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiffs.

22.   On September 3, 2009, at approximately 6:00 a.m., inside of 541 Kingsborough 5 Walk, Brooklyn, New York, defendants, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime unlawfully, entered the apartment.

23.   Once the defendants entered the apartment, plaintiffs were not free to disregard their questions, walk away or leave the scene.

24.   Eric and Mark Sutton offered no resistance to the defendants.

25. Nevertheless, the defendants, including Sgt. Maranzano, Det. James, Det. Mulladv, Det. Klubnick, Det. Petito, Det. Cody, Det. Serrano, Det. Phillips, Det. Pizzaro, Det. Arroyo, Det. Sousa, and P.O. John/Jane Does #1-4, maliciously, gratuitously, and unnecessarily grabbed Eric Sutton, pulled him, and slammed him on the floor. The defendants also twisted Eric's arms, and placed excessively tight handcuffs on his wrists.

26. Further, the defendants, including Sgt. Maranzano, Det. James, Det. Mulladv, Det. Klubnick, Det. Petito, Det. Cody, Det. Serrano, Det. Phillips, Det. Pizzaro, Det. Arroyo, Det. Sousa, and P.O. John/Jane Does #1-4, maliciously, gratuitously, and unnecessarily grabbed Mark Sutton and threw him onto the floor, before wrenching back his arms and placing excessively tight handcuffs on his wrists.

27. Those defendants who did not touch the plaintiffs, witnessed these acts, but failed to intervene and protect plaintiffs from this conduct.

28. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiffs, since plaintiffs were unarmed, compliant, and did not resist arrest.

7

29. Plaintiffs were physically injured as a result of the excessive use of force, and suffered marks to their bodies and pain.

30. The defendants also used excessive force against and falsely arrested Eric's girlfriend.

31. The defendants detained the plaintiffs and Eric girlfriend in the apartment's living room.

32. The defendants were demeaning and abusive towards the plaintiffs and Eric's girlfriend and repeatedly demanded to know where any weapons, drugs or contraband were located in the apartment.

33. The plaintiffs and Eric's girlfriend told the defendants that they had done nothing wrong.

34. The plaintiffs and Eric's girlfriend complained about the tightness of the handcuffs, but the defendants would not loosen the handcuffs.

35. The plaintiffs and Eric's girlfriend complained about the defendants' conduct, telling them that they had not committed any crime and that the defendants were acting unlawfully.

36. The defendants also detained the plaintiffs and Eric's girlfriend in the hallway outside the apartment.

37. The defendants searched the apartment.

8

38. The defendants found no controlled substance, contraband, or weapons in the apartment or on any of the occupants, including the plaintiffs.

39. Instead of freeing the plaintiffs and Eric's girlfriend and leaving the apartment, the defendants falsely claimed that they found controlled substances in the apartment.

40. Thereafter, the defendants, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime falsely arrested the plaintiffs and Eric's girlfriend.

41. Defendants were motivated to falsely arrest plaintiffs, because of plaintiffs' exercise of free speech, and to justify the wasted expense of their operation.

42. The defendants placed the plaintiffs and Eric's girlfriend in police van.

43. The plaintiffs and Eric's girlfriend were kept in police van in excessively tight handcuffs, which caused them further physical injury.

44. The defendants took the plaintiffs and Eric's girlfriend in to the 77th Precinct for arrest processing.

45. After many hours, the defendants released Mark from the precinct, without bringing charges against him, terminating his case in his favor.

46. However, in order to cover up that their was no basis to arrest the plaintiffs and Eric's girlfriend and to justify the wasted expense of their operation, the defendants, including Sgt. Maranzano, Det. James, Det. Mulladv, Det. Klubnick, Det. Petito, Det. Cody, Det. Serrano, Det. Phillips, Det. Pizzaro, Det. Arroyo, Det. Sousa, and P.O. John/Jane Does #1-4, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that Eric Sutton and his girlfriend had committed various crimes, including marijuana possession.

47. Based on the defendants' false allegations, the District Attorney's Office prosecuted Eric and his girlfriend until the prosecutions ended in adjournments in contemplation of dismissal.

48. Defendant City of New York is aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, City of New York has failed to take corrective action. This failure caused the defendants in the present case to injure plaintiffs, violate the law, and violate the plaintiffs' rights.

49. Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed. Despite such notice, defendant has retained these individuals, and failed to adequately train and supervise them.

50. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would execute lawful search warrants, plant evidence, and stop and/or arrest innocent individuals based on pretexts, in order to meet productivity goals, in minority and low income neighborhoods, such as occurred here, and justify overtime pay.

51. At all times defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly trained the individual defendants for the position of police officers.

52. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

53. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees caused,

11

permitted and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

54. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees carelessly and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

55. The occurrence(s) and injuries sustained by plaintiffs, were caused solely by, and as a result of the malicious, reckless, and/or intentional conduct of the defendant City of New York and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiffs contributing thereto, specifically, the intentional and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

56. The individual defendants acted in concert committing the above-described illegal acts toward the plaintiffs.

57. Plaintiffs did not resist arrest at any time during the above-described incident.

58. Plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

59. The individual defendants did not observe plaintiffs violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

60. At no time prior to, during or after the above-described incident were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiffs had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above-described incident.

61. The defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

13

62. As a direct and proximate result of defendants' actions plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

63. Plaintiffs are entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiffs' rights.

## FIRST CLAIM

### (FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE)

64. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

65. The individual defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime.

66. Accordingly, the defendants are liable to plaintiffs for false arrest and unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

14

## **SECOND CLAIM**

### **(EXCESSIVE FORCE)**

67. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

68. The individual defendants' use of force upon plaintiffs, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused plaintiffs pain and injury.

69. Accordingly, the defendants are liable to plaintiffs for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## **THIRD CLAIM**

### **(FAILURE TO SUPERVISE)**

70. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

71. The supervisor defendants are liable to plaintiffs because they supervised the subordinate individual defendants concerning above-mentioned unlawful acts against plaintiffs, and approved their unlawful actions.

## **FOURTH CLAIM**

### **(FABRICATED EVIDENCE)**

72. Plaintiffs repeat and reallege all the foregoing

paragraphs as if the same were fully set forth at length herein.

73. The defendants are liable to plaintiffs because they intentionally conspired to fabricate evidence against them, depriving them of liberty without due process of law.

74. In addition, the defendants used and presented the fabricated evidence to prosecute plaintiffs.

75. Further, the defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that police officer who knowingly use false evidence to obtain a conviction act unconstitutionally.

76. Furthermore, the defendants violated the law by making false statements of fact in a certification for determination of probable cause and/or a conviction, because they performed a function of a complaining witness.

## FIFTH CLAIM

### (FEDERAL MONELL CLAIM)

77. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

78. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

79. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants

16

are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

80. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

81. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would execute lawful search warrants, plant evidence, and stop and/or arrest innocent individuals based on pretexts, in order to meet productivity goals, in minority and low-income neighborhoods.

82. In addition, the following are municipal policies, practices and customs: (a) arresting innocent individuals, based on a pretext; (b) using excessive force against individuals; and (c) fabricating evidence against individuals.

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         January 30, 2012

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiffs*
16 Court Street, Suite 3301
Brooklyn, New York 11241
(718) 246-2900
mhueston@nyc.rr.com
By:

_____
MICHAEL O. HUESTON